IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS BADILLO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:11cv354-MEF |
| | ) (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

On May 4, 2011, petitioner Carlos Badillo ("Badillo"), a federal inmate, filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) By his petition, Badillo challenges his guilty plea convictions and the resulting sentence imposed in 2007 for federal controlled substance and firearm offenses. He argues that his trial counsel rendered ineffective assistance and that the government breached the plea agreement in his case. (*Id.*) This court directed the government to file a limited response addressing the applicability of 28 U.S.C. § 2255's one-year limitation period to Badillo's motion, *see* § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] (Doc. No. 3.) In its response (Doc. No. 4), the government argues, among other things, that Badillo's § 2255 motion was filed well after expiration of the one-year limitation period and is therefore time-barred.

---

[1] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period begins from the latest date of

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The pleadings and court records reflect that Badillo was convicted pursuant to a guilty plea entered on June 21, 2007, and that he was sentenced on October 18, 2007. (Criminal Case No. 2:06cr213-MEF, Doc. Nos. 100 and 134.) Judgment was also entered by the district court on October 18, 2007. (*Id.*, Doc. No. 135.) Badillo did not file a direct appeal. By operation of law, then, his conviction became final on October 28, 2007, upon expiration of the time for him to file a direct appeal (i.e., 10 days after entry of judgment by the district court).[2] Thus, Badillo had until October 28, 2008, to file a timely § 2255 motion. The instant

---

[2]When the district court's judgment was entered in Badillo's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.

§ 2255 motion, however, was not filed until May 4, 2011.[3]

It does not appear that any of the statutory exceptions specified in § 2255(f)(2)-(4) apply in this case. Specifically, Badillo's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, there is no suggestion that the government prevented Badillo from filing an earlier motion. Nor does Badillo appear to have submitted grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period should begin to run at a time other than upon the finality of his conviction.[4] Under the circumstances of this case as outlined herein, it appears to the court that the one-year limitation period contained in 28 U.S.C. § 2255 expired before Badillo filed his § 2255 motion. Accordingly it is

ORDERED that on or before June 21, 2011, Badillo shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 31st day of May, 2011.

                                        /s/Wallace Capel, Jr.
                                        WALLACE CAPEL, JR.
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Badillo apparently signed his § 2255 motion on May 4, 2011. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[4] Badillo has not asserted a basis for equitable tolling of the limitation period in his case.