IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARLOS BADILLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:11cv354-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by federal inmate Carlos Badillo ("Badillo") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Doc. No. 1.[1]  After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I. BACKGROUND**

On June 21, 2007, pursuant to a written plea agreement, Badillo pled guilty to conspiring to distribute controlled substances (methamphetamine and cocaine), in violation of 21 U.S.C. §§ 846 & 841(a)(1) (Count One), aiding and abetting the distribution of

---

[1] References to document numbers ("Doc. No.") are to those assigned by the Clerk of Court to pleadings docketed in this action or, where indicated, in the underlying Criminal Case, Case No. 2:06cr213-MEF.  Page references are to those assigned by CM/ECF.  References to exhibits (Ex.") are to those filed by the Government with its answer, Doc. No. 4.

controlled substances, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count Two), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Three).[2] Following a sentencing hearing on October 18, 2007, the district court sentenced Badillo to a total of 180 months in prison. The district court entered its judgment on that same date. Badillo did not take a direct appeal.

On May 4, 2011, Badillo filed the instant § 2255 motion asserting the following claims:

1. His counsel rendered ineffective assistance in the following ways:

    a. Counsel failed to object to the adequacy of the factual basis for the guilty plea.

    b. Counsel failed to object to the breach of the terms of the plea agreement.

    c. Counsel failed to object to the presentence report's inclusion of a recommendation of a mandatory minimum statutory sentence (five years) as to the § 924(c) count (Count Three) of the indictment.

    d. Counsel "failed to preserve or perfect the record on appeal."

    e. Counsel "fail[ed] to research the case and

---

[2] The plea agreement contained an appeal/collateral-review waiver with exceptions for claims of prosecutorial misconduct and ineffective assistance of counsel. The Government does not argue that the court should not consider Badillo's § 2255 motion because he waived his right to seek collateral relief upon entry of his guilty plea pursuant to the plea agreement. Moreover, the court need not consider this issue, because the court concludes that Badillo's motion is barred by the statute of limitations.

>     prosecute the appeal."
>
> 2.   The plea agreement was breached in his case when he was convicted and sentenced for the § 924(c) count in the indictment, because the plea agreement stipulated that he was pleading guilty only to the drug trafficking counts (i.e., Counts One & Two).[3]

Doc. No. 1 at 4-5; Doc. No. 2.

In its answer (Doc. No. 4), the Government argues that Badillo's claims are meritless and that, in any event, the § 2255 motion was filed well after expiration of the one-year limitation period and is therefore time-barred. *See* § 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA).[4]  Badillo has replied to the Government's answer.  Doc. No. 6.

## II.  DISCUSSION

### A.  *General Standard of Review*

Collateral review is not a substitute for direct appeal; therefore, the grounds for collateral attack on final judgments of conviction are extremely limited.  A federal prisoner is entitled to relief under 28 U.S.C. § 2255 only if the district court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum sentence authorized by law, or (4) is otherwise subject to collateral

---

[3] Notwithstanding this claim by Badillo, the plea agreement clearly indicates that Badillo was pleading guilty to all three counts of the indictment, including the § 924(c) count.  *See* Ex. B.

[4] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255."  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

3

attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Id*. at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice"). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent."

### B. Limitation Period

Title 28 U.S.C. § 2255(f) specifies that the one-year limitation period for motions filed pursuant to § 2255 begins to run from the latest date of–

       (1) the date on which the judgment of conviction becomes final;

       (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

As noted, Badillo was convicted pursuant to a guilty plea that he entered on June 21, 2007. *See* Case No. 2:06cr213-MEF, Doc. No. 100. He was sentenced on October 18, 2007, to a total of 180 months in prison. *Id.*, Doc. No. 134. The district court also entered its judgment on October 18, 2007. *Id.*, Doc. No. 135. Therefore, Badillo's conviction became final, and the § 2255(f) limitation period began to run, on October 29, 2007 (the first business day after October 28, 2007), upon expiration of the time for him to file a direct appeal.[5] For purposes of § 2255(f)(1), then, Badillo had until October 29, 2008, to file a timely § 2255 motion. His § 2255 motion, however, was not filed until May 4, 2011. Consequently, his motion is time-barred unless the limitation period in his case began to run at a date later than October 29, 2007, under a provision of § 2255(f)(2)-(4) or is subject to equitable tolling.

---

[5] When the district court's judgment was entered in Badillo's case, Fed. R. App. P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

Badillo argues that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(2) and § 2255(f)(4) because his attorney disregarded his instructions to file a notice of appeal, creating, he says, an impediment that resulted in the loss of "his rights to his one and only appeal" and caused his § 2255 motion to be time-barred through no fault of his own. Doc. No. 6 at 1-2.

Section 2255(f)(2), however, does not apply in Badillo's case, because the actions (or inaction) of defense counsel do not constitute "governmental action in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(f)(2); *see, e.g., Gordon v. Sec'y, Dep't of Corr.*, 479 F.3d 1299, 1301 (11th Cir. 2007) ("[T]he failure of . . . court-appointed counsel to file more promptly [for state post-conviction relief does not qualify as] an impediment to filing created by State action, within the meaning of § 2244(d)(1)(B) [a similar limitation provision applicable to 28 U.S.C. § 2254 habeas petitions]." Because Badillo has pointed to no federal statute or constitutional provision that the government violated, the limitation period in his case is not governed by § 2255(f)(2).

As to § 2255(f)(4), generally "[a] § 2255 motion based on counsel's failure to file a requested direct appeal is considered timely under § 2255(f)(4) if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). Therefore, an inquiry concerning timeliness under § 2255(f)(4) should begin "by determining whether the petitioner exercised due diligence[.]" *Aron v. United States*, 291 F.3d 708, 711 (11th Cir.

6

2002). The due diligence inquiry "is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Id*. at 712.

Badillo fails to establish that he exercised due diligence, because he does not "allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron*, 291 F.3d at 715 n.6. Unlike the petitioner in *Aron*, Badillo does not allege that he "'wrote many letters and placed numerous phone calls' to his attorney's office, 'to no avail.'" *Id*. at 713. Instead, Badillo offers absolutely no facts indicating that he attempted to contact his counsel or the court clerk[6] in an effort to learn whether counsel filed the requested appeal, and he fails to suggest when he discovered that his counsel had not filed a notice of appeal. Further, he offers no explanation for waiting well over three years after the district court entered its judgment of conviction before filing his § 2255 motion.

Although he invokes § 2255(f)(4), it is not entirely clear from Badillo's pleadings if he is even alleging that there was any delay in his learning that counsel did not file a notice of appeal or that he is asserting that his delay in filing his § 2255 motion is attributable in any way to his belief that his counsel had filed an appeal. Indeed, Badillo's own statements indicate that he was aware shortly after sentencing that his counsel was not filing an appeal in his case. One of the claims in Badillo's § 2255 motion is that his counsel was ineffective

---

[6] The record indicates that neither "the conditions of confinement" nor "the reality of the prison system" precluded Badillo from contacting the clerk's office, because on March 31, 2008, Badillo, proceeding *pro se*, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the "crack amendments" to the sentencing guidelines. Case No. 2:06cr213-MEF, Doc. No. 172. On or around August 10, 2009, again proceeding *pro se*, Badillo filed a motion to correct sentence pursuant to Fed. R. Civ. P. 60(b). *Id.*, Doc. No. 184.

7

for failing to research the case and prosecute the appeal, because if counsel had pursued an appeal, "instead of advising defendant to withdraw his appeal," he would have discovered the errors in his guilty plea proceedings. Doc. No. 2 at 2. This suggests that the reason Badillo does not talk about later efforts to contact counsel or track his appeal, or about any delay in his learning that an appeal had not been filed, is because he was aware all along that no appeal was filed in his case.

Simply stated, Badillo's conclusory invocation of § 2255(f)(4), without the presentation of any specific supporting facts, is insufficient to demonstrate that he exercised due diligence. Therefore, Badillo is not entitled to delay the start of the limitation period under § 2255(f)(4).

Badillo does not argue that equitable tolling – based on his counsel's failure to file a notice of appeal – should be applied to extend the limitation period in his case. Suffice it to say, however, that the same failure to demonstrate the due diligence required by § 2255(f)(4) prevents Badillo from availing himself of the benefits of equitable tolling. *See Diaz v. Sec'y Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir.2004) (equitable tolling requires both extraordinary circumstances and due diligence).

For the reasons indicated above, the alternative commencement dates provided for in § 2255(f)(2) and § 2255(f)(4) or by application of equitable tolling do not apply in Badillo's case. Consequently, the timeliness of Badillo's § 2255 motion is calculated from October 29, 2007, the date that his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Badillo's

motion, filed on May 4, 2011, is untimely, and federal review is precluded.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Badillo be denied, as it filed after expiration of the one-year limitation period in 28 U.S.C. § 2255(f).

It is further

ORDERED that on or before **May 14, 2013**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981).

    Done this 30th day of April, 2013.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE